Good morning, if it pleases the court. Frank Weiser on behalf of the plaintiffs and appellants and I would like to address the takings issue first and in particular the regulatory takings issue dealing with the Penn Central test. It was our contention that before the district court and before this court that the Penn Central test which talked about a multi-factor test in determining whether regulation goes too far for purposes of becoming the taking under the Fifth Amendment is essentially an ad hoc factual inquiry and cannot be decided on a motion to dismiss under Rule 12b-6 and the district court and the city contends that the economic impact which under the Hattachek versus be decided as a matter of law and that when we contended that the property was diminished in value of 25 to 50 percent that is a matter of law that would not be an have an economic impact for purposes of being the taking. That's what the cases say, correct? That a mere diminution in value is not adequate to establish a regulatory taking, correct? So we say that, correct? Our contention is is that it can be a factor for purposes of being a regulatory taking. So if the cases say that mere diminution of value is insufficient to establish a regulatory taking then how do you factor that into the analysis and coming up with the conclusion that there was a regulatory taking? Well Judge Rawlinson I was going to get to that. My contention is there were out-of-circuit cases and in particular a case called Sienna Gardens versus United States at 331 U.S. 1319 page 1345 it was a federal circuit case in 2003 that pointed out that the Hattachek case and the Euclid versus Amber Realty case did not set a bar as a interpretation. It's true that at a certain a percent there's no percentage which necessarily makes it a taking but it can still be that there could be a taking below a certain percentage and that's a very fact-sensitive inquiry. Do you have any any good case in I'll call it a zoning context but something else because to me part of your case really is like a zoning case where a yes and in the case in the thank you Judge Boggs in the Sienna Gardens case that was a HUD low-cost housing program and the court as a matter of what actually did the Penn Central analysis did not remanded back to the district court and found that their Penn Central analysis favored that there was a third I think you said U.S. okay that's fine but we have to follow the precedent in our circuit. So my view is is that the cases that are cited there are rent control cases those are different than what we have here where you have a motel that has a business license a property interest by way of is in effect taken by the fact that he could no longer rent. How is that different from a zoning change that is in one sense again that this is procedurally different but it to me and tell me why I'm wrong is like a zoning to operate a motel and then they change that to say this is only zone for residential apartment use. Well zoning cases where the zone changes and a property is already permitted prior to the zone change the general rule is is that there's usually some amortization period that the government gives to be able to adjust for the owner to adjust the economic impact. Maybe there usually is but are there cases that say it's unconstitutional not to have that? I don't know in particular of the unconstitutionality other than I would say that this particular ordinance originated out of a case up north the San Remo Hotel Motel Association case for City County of San Francisco that was litigated back in 2000 I believe in 2005 and went up to US Supreme Court but lost on procedural grounds because the versus state of Louisiana reservation was not properly made in the in the state courts but certainly it's caused a lot of contention but that would be the similar for purposes of zoning and I believe the California Supreme Court ruled four to three there were three dissenting justices on the Supreme Court who found that that kind of a of a change of use was similar to a zone change that required compensation. But the point I'm trying to make is is that under out-of-circuit cases it's clear that how to check is not a rule that as a matter of law can decide the economic impact because if it could then the Penn Central analysis would be essentially worthless. If that's a bar as a matter of law then Penn Central makes no sense in how you weigh the economic impact. I would just give one example if I could. In fact you may have a diminution of value prevents an owner to be able to transfer the property they can't sell it and then that affects then an essential right in terms of their ability to operate property or to sell the property. But here there were other factors the character of the regulation here essentially takes away the right to exclude certain people from the property and the transgenic tax specifically gave them the right to rent on a 30-day or less basis and that affects landlord tenant law under California law. And I believe I cited in my brief various California statutes in which a motel owner has a right to in effect evict somebody without going through the whole process if there's non-payment of rent other than but now that these people are permanent residents. Here it's not so I mean when you said exclude it's that you're you're wanting not to include people on short-term rentals. To an extent except for the fact that under this program they must take people. Must they take them or they simply can't rent except on those terms. Correct. Okay so that's why I keep saying to me it you know we're gonna put migrants in there no matter what you want and you've got to leave them there for six months. You know that would smell a lot more like not exclusion but here you can do whatever you want with that property you just can't rent it for less than six months. But once again I believe our takings analysis was a two-pronged analysis. We we talked about a physical taking under the right to exclude but also as a regulatory taking and I and even in zoning cases. So you're putting more on the regulatory taking for which you have quote the Penn Central factors. Correct that's correct and then that was really the I believe the the the essential analysis at the district court level with Judge Gee. In that in that Seneca Gardens case which I'm not familiar with but since it's a federal circuit you mentioned HUD is that did that involve some kind of government program? Yes yes it did and the the the the district court found also citing had a check that the contractual obligations or contracts that the people who were running the HUD program had been interfered with was not a taking and that it was not a compensable taking it had. Then the circuit sort of said the government. It reversed it and they actually did the actually felt that it was the government didn't get to change its own deal. No fair that's correct reading I said I haven't read it yet. That's correct and and and also I would point out it was a summary judgment it wasn't even a 12e6 motion and they felt that the factual record was sufficiently developed for purposes of the circuit court itself to make the analysis. So with that I would if there are any other further questions I would reserve my time. Thank you counsel we'll hear from the city. Good morning Rebecca Young for the City of Los Angeles. What I'd first like to direct the court to is the purpose of the regulation which was helpfully included in counsel's excerpts of record at 19 because I think that kind of sets the table for this which is as anyone who is a resident of LA County knows there is a a huge underserved and unhoused population and the city through this particular regulation is obviously trying to help both that population and inability to find housing at the moment and in this case what appears to be at issue is the property owners desire to churn as Judge Boggs alluded to it's and there is no such there is no such right. Well churn I mean I take it is that they want to cater to a tourist trade people come to Los Angeles for the Rose Bowl or the Oscars or whatever and that's a no legitimate commercial purpose. Since you've raised that how is this any different from any number of possible regulations that really do take people's property you have a three-bedroom apartment complex and the government says we need more housing so you've got it you can only rent them as one bedroom so we can put more families in. Okay. Would you say that that's just a zoning change that they don't have to rent to anybody it's just they can only rent as one bedroom and therefore they have to you know reconfigure to get more people in. You know I think if the I I think if the unit if the property owner was precluded from making any money on the in my and my hypothetical the same thing as well the city's desire to house more people in private property they can do that in many many ways which are mostly involved in taking people's property and using them in a different fashion. But wouldn't that still just be a diminution in value as opposed to a complete taking of the property? Well and that's exactly what was alleged at the complaint. I mean there were as we noted in our briefing the there were a host of repercussions that simply weren't alleged and in this case I did want to note that and this this might be the case to do it but you know these exact regulations have already in an unpublished opinion from the Ninth Circuit have already been upheld and it was actually the same parties and the title there? That is the I hope I'm saying this right this is the DeSai case D-E-S-A-I and the... DeSai did when? That was 2013. Oh quite a ways back so that yeah goes way back. Well I apologize. Did you want to correct? So the Central District upheld or excuse me fell in for the city in 2013 Ninth Circuit affirmed 2015. So and that the the Ninth Circuit site is 602 fed APPX 392 and that's in yeah and that's in 2015. Again a similar type of ordinance might be that you can't rent to less than three people in a unit. They could still make money. They could still have control of their property as long as they wanted to rent but you couldn't rent to less than three people in a one-bedroom. That would help alleviate some types of homelessness. Would that be a taking or simply a diminution of value? I believe that would it would follow to the same umbrella of diminution of value. Oh in in whether you call it non-taking or zoning they can simply make these changes in order to restructure the housing stock of LA for their purposes. Pursuant to the police power and the needs of that particular municipality. I mean that's that's and I well Los Angeles does have a unique problem in that respect. Other cities as well but you know in this case there is no other allegation and I understand that upholding on a demur is is not an unusual situation but you know is a big ask from the city. But in this case there are sent there are simply no other allegations on the face on the four corners of the complaint alleging anything other than diminution of value. And as Judge Boggs noted the percentages of diminution of value have been that have been upheld have actually been quite high. And this is it is simply when balancing a city's police power against the you know what Guggenheim the city of Goleta called you know a the expected rent or the starry-eyed hope of winning the jackpot. This is the balance that has been struck and the amount of due process built into this which was frankly not exercised. Is there any difference between the existing ability and the future? That was why I asked about retroactive changes. If this was a case where they were running it as a residence and they say hey if we convert it into a motel then we'll make a lot more money and the city says that we're not going to rezone it you know they wouldn't have any case. But the fact that you'd allowed it in the past you're not claiming neighborhood effects for example you know it's not like a porn shop. Does that make any difference? You know I put it to him is there any constitutional problem and he he kind of didn't raise it. Are you you're confident that that retroactive changes can never be unconstitutional? Oh I I would never. I mean even even even if you pass the other test that you still have some economic value you still have some economic use but it's quite different than what you have been permitted. Your expectations. Yeah well not only expectations see that's the difference. But the actual use. Between you know the Russian Hill case where they wanted to build a 40-story building. Here they've been permitted, they've been allowed, there are no problems with it other than as you said the city's overarching police power that we just want you to run it in a different way for our benefit. But there's no it's and I know I'm repeating case law that you are well familiar with but there is no entitlement to best use and in fact it was as we noted in our briefing there is the fact that plaintiff owned and operated the property before the ordinance was adopted doesn't affect the analysis and that was the Rancho de Calistoga case 800 F third at 1090 to 1091. I think that's I hope that that's addressing the question. Judge Thomas had a question. Oh I'm sorry can you just spend a moment talking about the administrative delay and whether that creates due process problems here I mean it wasn't quite a long. Oh absolutely and the you know there and I was I was heading down that road it's the you know the amount of process due process that's administrative process the administrative appellate process I guess you'd call it and the judicial appellate process for example you can file a written mandate and I believe that's actually what was done in the Decide case. The what we have here is a combination of both administrative delay which Judge Thomas as you know is in and of itself standing alone insufficient to a constitutional violation but then you also have a property owner who in fact did not take advantage advantage of all of the process that he was due and that simply can't be held against the city. Clearly there were there was a large chunk of time where there nothing was there was no communication right nothing was happening. Exactly they just it was just radio silence. So the test is whether or not the person who is challenging the action had the opportunity to be heard in a meaningful time and in a meaningful manner so in your view was that requirement met? It was I think part of the problem is that both sides were and I simply don't know why but but but neither side was communicating with the other and the if you aren't taking advantage of the the complaint process that is clearly laid out for you I think that that. Sorry when you said the complaint process. I'm sorry the I don't know what else to call it I'm fumbling with my language. Review process. Review thank you thank you but the. But can you help me when when was were they actually required to do something different that is as I was reading the record to some degree the delay might have adhered to inured to their benefit were they not required to actually do anything until the managers appeal was concluded? I believe you meaning property owner? Yes in other words at least to some degree there's this business I thought where they they said oh we read we reclassified you two years ago but we didn't tell you well obviously they didn't do anything different and then they appealed to the first level and then it took three years for that and again my my understanding was again they didn't have to do anything when did they finally get forced to throw out the tourists? Oh okay that's that's going to be a relevant consideration. Yeah no I because you're right it was we did we did note that in our briefing that they in fact have not been they were not affected by the by the recategorization of the property for four and and I did note that you know when arguing in our brief that a diminution in value was insufficient I don't know what I don't I didn't see an allegation of that I simply I mean there was just there's language to that but there's no hard numbers. But on the procedural due process of point the issue is whether or not they were they were given a meaningful opportunity to challenge the decision. So what's your response to that? I don't know that meaningful one would think that meaningful would encompass timely not just only having the administrative structure that allows you to take it up the chain but that you would receive a timely response. That would seem to be built into the definition. That's just the that just seems right. And are you saying that they didn't have a meaningful opportunity? I would say had they been had they been affected by it as opposed to just having it out there and actually not having to comply because the city wasn't enforcing it. The city had made this had recategorized them and hadn't done anything with that. So I think because the delay in other words worked to their benefit it although it might not have been a timely process it's it's harmless. Exactly yes. But no but I but I think that that's exactly right that you know when when things are just laying low and no side is making a move to resolve the issue as stale medicine. They had no incentive to resolve the issue because they could continue to rent as short-term rentals and so they had no incentive to move this appeal. Correct. That's true. That's true. Yes. Okay I'm on yellow. So you know the the I didn't know if the court we haven't Pullman or Supplemental Jurisdiction. Well the court actually did not exercise Pullman extension. So I don't know why we would have to address that but if you want to. I'm good I'm good. No and I just you know the obviously the test for a district courts decision as to whether or not it's going to exercise Supplemental Discretion is or excuse me Supplemental Jurisdiction is you know it's a high it's an abuse of discretion it's a high standard and it just it simply hasn't been it simply hasn't been met here and I would like at this point actually to just because I foresee a lot of these similar lawsuits in the future and this might be the vehicle to now it's been unpublished and decide but it might be time for the Ninth Circuit imprimatur on these particular ordinances again I know a big ask but and it might be inappropriate on a 12 through 6 but I I foresee this being an issue throughout Los Angeles County and what this is probably the beginning of it. All right thank you. Thank you. You normally don't publish on local law. I know. Thank you counsel. Thank you. Rebuttal. Counselor, I was just curious why there was no reply brief filed in this case. I'm sorry I didn't hear you. I was curious why there was no reply brief filed in this case. I had some medical problems. I apologize. I want to touch briefly on the due process issue. I take issue as a matter of law with this issue of harmless error and I believe I cited in my opening brief that there's no harmless error rule with respect to procedural due process. It's an absolute guarantee under the 14th Amendment and the cases I cited I believe Kerry versus Pifus is the US Supreme Court case that I cited and in the 42 USC 1983 case certainly you can have a procedural due process violation with only nominal damages but it can still be it's the it's the guarantee that the government gives you a notice and opportunity to respond. I would point out... Meaningful opportunity to respond before something happens to you if it's pre-deprivation so if nothing is happening to you yet... Well I disagree with that respectfully Your Honor because I think here... What was happening to your clients in the interim? So I think I'd like to make the distinction in the takings area that it's a deprivation but the issue is is whether the deprivation triggers the just compensation clause for purposes of being a compensable taking. In the procedural due process area it's the... I believe there's a deprivation here... What is the deprivation if you did you make the allegation that you changed the way you did your business in anticipated regulation or I didn't see that anywhere... I thought we changed in the in the way the property was operated. I thought we did and that... You have to point me to something in the record that supports the argument that a change was made in the way the properties were operated in response to the anticipated reclassification. And I believe at the first amended complaint if I'm not mistaken and I believe that they were paragraphs 9 through 15 and it was extensively stated how it in fact changed it... I know it said it changed it in that they would no longer be allowed to do the transit occupancy but was there any allegation that it had already been implemented and that's what would have to be in order for there to be a procedural due process pre deprivation pre procedural due process. Well I think the city attached in their motions to dismiss the ordinance and the ordinance talks about the procedure and the procedure is is that at the time that the city makes the determination the determination is there and there you But have you been affected... the problem is were you affected by it such that you were no longer able to rent your your clients were no longer able to rent their property short term? Well two things I don't think it's just an effect on the use of the property I think it's also an effect on the procedure itself in other words the idea of due process if you give them a hearing and if the of the hearing and the hearing itself and the hearing itself in other words the evidence can become stale witnesses may be lost things that... I can understand all of that hypothetically but did any of that happen here were there I mean are there any allegations that the delay... well I think those are factual issues that can't be decided in 12v6 motion I think whether in fact how it affected or what it would affected is an issue that's reserved later on but I think we have cases that said mere delay without any harm is not a violation of due process. Well I disagree. Well do you disagree with the cases? Do you disagree? Because you can't disagree with the case holding that we've done. I think Harry V Paisa's is very clear and there's another case that I would cite it was Peralta versus Washington... out of Texas versus Texas state of Texas it was a 1988 US Supreme Court case in that case there was a default judgment taken against a... it was a litigation and a default judgment taken against the defendant did not respond under the Texas law they had to attach a proposed answer to the complaint to remove the default the defendant did not he said I don't have really any defense substantively but it's still a violation by procedure of due process law rights... but under under our holding in in code there isn't there isn't just an automatic number of years so I and create a violation we require some additional irregularity so I guess that's what I'm trying to push for here is what what what's the additional irregularity like what was the additional problem here? Before I get to that Judge Thomas if I could just say that in the Peralta case the US Supreme Court in 1988 reversed the Texas Supreme Court and made a distinction between substantive due process and procedural due process and specifically said the guarantee is absolute it is not contingent on the merits it is not contingent on harmless error it is not contingent on on on whether in fact you have any kind of a case it's a guarantee the government must give and that's why Cary V. Pivas... What case are you citing for that proposition? Pardon me? What case are you citing for that proposition? Peralta versus Medical Heights. Peralta? Peralta P-E-R-A-L-T-A it's a 1988 United States Supreme Court case. Oh Supreme Court case. And and I did cite I believe in my opening brief the Berry versus Barchi case which was a license revocation case that took too long in the post deprivation area and the US Supreme Court found that... But there had already been a deprivation that's the that's the difference here that you didn't plead that there had been a deprivation already. Well I think those are factual issues about what they could and couldn't do with the property. The actual issue is whether or not the hotels were allowed to continue to do business the way it was doing business pre-ordinance. And I would... That would be the deprivation. I would submit once again that the judicial record dealing with the ordinance itself explains that. I understand. All right counsel you've exceeded your time. Thank you to both counsel for your helpful arguments in this case. The case just argued is submitted for decision by the court.
judges: Boggs, RAWLINSON, THOMAS